Brian C. Brook (No. 050442013)
CLINTON BROOK & PEED
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
(201) 992-1000
brian@clintonbrook.com

*Attorneys for Plaintiffs,*
*Eric Inselberg and Inselberg Interactive*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC INSELBERG and INSELBERG INTERACTIVE, LLC, <br><br>              Plaintiffs-Counterclaim Defendants, <br><br>       v. <br><br> FRANK BISIGNANO, <br><br>              Defendant, <br><br>      and <br><br> FIRST DATA CORPORATION, <br><br>              Defendant-Counterclaimant. | Civ. Action No. 2:16-cv-00317 (KM) (JBC) <br><br> ECF Case <br><br><br> **Motion Returnable May 7, 2018** |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................ii

PRELIMINARY STATEMENT ...........................................................................1

JURISDICTION ...................................................................................................2

PROCEDURAL HISTORY...................................................................................2

LEGAL STANDARD............................................................................................4

ARGUMENT ........................................................................................................5

I.    First Data's Patent-Related Counterclaims Were Missing the Threshold Element for Standing and None of Plaintiffs' Claims Contained an Element Dependent on an Issue of Federal Patent Law ...........................................................................................5

II.   The Fees Requested Are Reasonable and Supported..................................10

CONCLUSION....................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*First Data Corp. v. Inselberg,*
   870 F.3d 1367 (Fed. Cir. 2017) .................................................................................... 1, 3

*Gloucester County Imp. Auth. v. Gallenthin Realty Dev., Inc.,*
   2008 WL 336784 (D.N.J. 2008) ......................................................................................... 8

*Gotha v. United States,*
   115 F.3d 176 (3d Cir. 1997) ............................................................................................... 6

*Gould Elecs. Inc. v. United States,*
   220 F.3d 169 (3d Cir. 2000) ............................................................................................... 6

*Gunn v. Minton,*
   133 S.Ct. 1059 (2013) ........................................................................................................ 9

*Ingemi v. Pelino & Lentz,*
   866 F.Supp. 156 (D.N.J. 1994) .......................................................................................... 7

*Jim Arnold Corp. v. Hydrotech Sys., Inc.,*
   109 F.3d 1567 (Fed. Cir. 1997) .................................................................................. 1, 6, 8

*Legg v. Wyeth,*
   428 F.3d 1317 (11th Cir. 2005) ......................................................................................... 4

*Martin v. Franklin Capital Corp.,*
   546 U.S. 132 (2005) ........................................................................................................... 4

*Mints v. ETS,*
   99 F.3d 1253 (3d Cir. 1996) ............................................................................................... 2

*Newton v. Tavani,*
   962 F.Supp. 45 (D.N.J. 1997) ............................................................................................ 8

*Paradise Creations, Inc. v. UV Sales, Inc.,*
   315 F.3d 1304 (Fed. Cir. 2003) ......................................................................................... 5

*Phillips, Inc. v. Global Product Development Services, LLC,*
   Civ. No. 09-1644, 2009 WL 1973852 (D.N.J. July 7, 2009) ............................................. 7

*Siebert v. Norwest Bank Mn.,*
   166 Fed.Appx. 603 (3d Cir. 2006) ..................................................................................... 4

*Valdes v. Wal-Mart Stores, Inc.*,
   199 F.3d 290 (5th Cir. 2000)..........................................................................4

*Williams v. Int'l Gun-A-Rama*,
   416 Fed. Appx. 97 (2d Cir. 2011) .................................................................4

*Yellen v. Teledne Continental Motors, Inc.*,
   832 F.Supp.2d 490 (E.D. Pa. 2011) ..............................................................8

**Statutes**

18 U.S.C. § 1447 ..................................................................................*passim*

Plaintiffs Eric Inselberg ("Inselberg") and Inselberg Interactive, LLC ("Interactive"), by and through their undersigned counsel, file this Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and Costs. In the interests of brevity and avoiding even more costs, this motion assumes familiarity with the facts as specified in this Court's opinion dismissing the declaratory judgment claims of First Data Corp. and remanding the case to state court. Op., ECF No. 25.

## PRELIMINARY STATEMENT

Since this motion was first filed in September 2016 the justification for awarding fees has been amplified by the Federal Circuit's September 2017 decision. First Data's removal of this action was plainly a mere litigation tactic, although this Court need not reach that conclusion to award fees. Pursuant to the statutory authority of 28 U.S.C. § 1447(c), this Court need only find that the removal was not objectively reasonable—it need not find subjective bad faith.

In short, the removal of this case was objectively unreasonable in light of the clearly-applicable and binding precedent in *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1578 (Fed. Cir. 1997), which we told First Data's counsel about long before it asserted its counterclaims and removed this case. But even if there were a reasonable argument for why *Jim Arnold* did not apply here, the removal was nonetheless objectively unreasonable, as the Federal Circuit has already explained: "Even if *Jim Arnold* were no longer binding, First Data's claims seeking declaratory judgment of noninfringement would be *frivolous* because Inselberg and Interactive do not own any patents for which First Data could seek such judgment." *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1374-75 (Fed. Cir. 2017) (emphasis added).

Given the law of the case that First Data's purportedly federal counterclaims are "frivolous" even without *Jim Arnold*, the motion for fees pursuant to § 1447(c) must be granted.

## JURISDICTION

Although this case has been remanded to state court, this Court retains its jurisdiction over collateral matters, including the ability to award attorney's fees and costs. *Mints v. ETS*, 99 F.3d 1253, 1257–58 (3d Cir. 1996).

## PROCEDURAL HISTORY

This case was initiated on December 4, 2015, by the filing of a Complaint by Inselberg and Interactive in the Hudson County Superior Court. ECF No. 1-1. The filing occurred after months of unsuccessful negotiations with counsel for Frank Bisignano, Matthew Traupman of Quinn Emanuel Urquhart & Sullivan, LLP, and First Data's in-house counsel. Brook Decl. ¶ 3.

Defendant First Data filed an Answer and Counterclaim in Superior Court on January 19, 2016, and a Notice of Removal that same day. Notice, ECF No. 1; Answer and Counterclaim, ECF No. 1-2. Bisignano, who did not join in First Data's pleadings, filed a motion to dismiss on February 9, 2016. ECF No. 6.

Plaintiffs filed a motion to remand the case to Superior Court on February 18, 2016. ECF No. 8. And because removal was predicated on the counterclaims asserted by First Data, for the sake of completeness, Plaintiffs filed a motion to dismiss the counterclaims on February 24, 2016.[1] ECF No. 9.

Soon thereafter, Plaintiffs sought a stay of the briefing on Bisignano's motion to dismiss, which made only arguments on the merits, pending resolution of whether this Court had jurisdiction. Brook Letter dated March 3, 2016, ECF No. 10. Defendants requested a similar stay as to Plaintiffs' motion to dismiss. ECF No. 13. The Court granted both parties stay requests at the

---

[1] In 2011, Congress enacted the America Invents Act, which amended the removal statute, 28 U.S.C. § 1454(a), to permit removal based on counterclaims that arise under federal patent law. Op. 11–12 n.6. No clear procedure existed for dealing with counterclaims that purported to invoke federal patent law, but which in fact failed to arise under it.

time, ECF No. 14, but ended the stay of Plaintiffs' motion to dismiss on July 22, 2016. Text Order, ECF No. 20.

On August 25, 2016, this Court issued its Opinion, ECF No. 23, and Order, ECF No. 24, dismissing the counterclaims and remanding the case to state court.

On September 7, 2016, First Data refiled its Answer and Counterclaims—including the patent-related counterclaims 3 and 4—in New Jersey Superior Court. Brook Decl. ¶ 6. A cover letter to the clerk by Mr. Boyle offered the following explanation for doing so:

> First Data originally filed the Answer and Counterclaim on January 19,2016, after which Defendants removed this Action to the United States District Court for the District of New Jersey on that same date. By Order dated August 25, 2016, the District Court remanded this Action to the Superior Court of New Jersey and dismissed First Data's counterclaims without prejudice for lack of subject matter jurisdiction without reaching the merits of those claims. As a result, First Data is refiling the Answer and Counterclaim to ensure that its counterclaims are properly before the Court.

Brook Decl. Ex. 4. First Data retracted the patent claims a few weeks later. Brook Decl. ¶ 6.

On September 19, 2016, First Data and Bisignano filed a notice of appeal of this Court's decision to dismiss their declaratory judgment counterclaims and the decision to remand the case. ECF No. 26. They did so despite the fact that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), and the additional fact that this Court already stated that even if it had jurisdiction over the claims, it would "exercise [its] discretion to decline to entertain a declaratory judgment claim." Op. 19 n.13.

On September 15, 2017, the Federal Circuit rejected Defendants' appeal in full. *First Data*, 870 F.3d 1367. This included a finding that First Data's attempt to appeal the removal was barred by express statute. *Id.* at 1375-76 (rejecting First Data's implausible argument that the remand was not based on lack of subject matter jurisdiction because "the district court's analysis throughout its opinion is based on a lack of subject matter jurisdiction").

3

## LEGAL STANDARD

The "process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs upon both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The assessment of costs and fees on remand "reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* Accordingly, when ordering remand, a federal court may award "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

In most cases, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

The "objectively reasonable" standard is well-established, and found in many other contexts, including other awards of fees. "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. 2011) (citing, e.g., *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) and *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005)).

In adopting the "objectively reasonable" standard for awarding fees, *Martin* rejected the view that plaintiffs who secure remand were presumptively entitled to fee awards. *Martin*, 546 U.S. at 136. However, "just as there is no basis for supposing Congress meant to tilt the exercise of discretion in *favor* of fee awards under § 1447(c) . . . so too there is no basis here for a strong bias *against* fee awards…." *Id.* at 138-39. In each case, the district court should examine the specific facts before it to ascertain the propriety of awarding fees. *See, e.g.*, *Siebert v. Norwest Bank Mn.*, 166 Fed.Appx. 603, 607 (3d Cir. 2006) ("[D]istrict courts must exercise their discretion

4

in view of the circumstances of the case."). No finding of bad faith, ulterior motive, or frivolousness is required to award fees under § 1447(c), *Mints*, 99 F.3d at 1260, although conduct typifying bad faith by either party may establish "unusual circumstances" that justify departing from the objectively reasonable standard, *Martin*, 546 U.S. at 141.

## ARGUMENT

Fees should be awarded under § 1447(c) because First Data had no objectively reasonable basis for removing the case, as this Court's opinion illustrated, and as affirmed in even stronger terms by the Federal Circuit. Because this Court the substantive issues are already addressed in those prior opinions, we only summarize the main points (for more detailed rebuttals of First Data's attempts to circumvent the straightforward application of clearly established law, Plaintiffs incorporate by reference the arguments made in their reply briefs, ECF Nos. 17 and 22).

## I. FIRST DATA'S PATENT-RELATED COUNTERCLAIMS WERE MISSING THE THRESHOLD ELEMENT FOR STANDING AND NONE OF PLAINTIFFS' CLAIMS CONTAINED AN ELEMENT DEPENDENT ON AN ISSUE OF FEDERAL PATENT LAW

In *Christianson v. Colt Industries Operating Corp.*, the Supreme Court succinctly delineated the "only" two ways in which a claim may "arise under" federal patent law:

(1) "federal patent law creates the cause of action," or

(2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."

486 U.S. 800, 808-809 (1988). In its Notice of Removal, First Data asserted those both of these prongs applied; in truth, neither reasonably did.

Only someone having enforceable title to a patent can sue for infringement, and it is well-settled that such allegations must affirmatively appear in any complaint alleging patent infringement. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003).

*See also* Op. 17 ("A complaint, to even minimally set forth jurisdiction under 28 U.S.C. 1338, must contain 'an allegation of ownership of the patents at issue' by the plaintiff [or declaratory judgment defendant].") (quoting *Jim Arnold*, 109 F.3d at 1578).

First Data's counterclaims—like Plaintiffs' complaint—correctly asserted that Bisignano, not Plaintiffs, currently holds enforceable title. Counterclaim ¶¶ 8–9, 26. First Data never found a single case to support its position that this statutory requirement could be subject to an exception under *any* circumstances. Defendants' arguments were distractions, at best, since there was no reasonable argument to avoid the simple and settled legal principle that patent claims can only be brought by patentees. This Court was correct to dispatch with all of these arguments in decisive terms.

First Data's and Bisignano's position boiled down to claiming that anyone could invoke federal patent jurisdiction merely by claiming to own a patent, even if that ownership claim was demonstrably untrue. First Data and Bisignano asserted that this Court would "*unquestionably have jurisdiction*" over patent claims filed by Inselberg and Interactive if they falsely claimed to have current title to the patents. Opp'n Mot. Dismiss 14, ECF No.21 (emphasis added). Even without knowing anything about patent law, this argument was objectively unreasonable under the basic standard of review for motions to dismiss for lack of subject matter jurisdiction, which permits a factual attack based on "evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)). But based on the established case law regarding the statutory requirements for bringing claims under the Patent Act, jurisdiction would unquestionably be lacking, as this Court has held: "Would this court have jurisdiction over a patent infringement complaint brought by Inselberg or Interactive as plaintiffs? *Clearly not*…." Op. 17 (emphasis added).

There was no objectively reasonable argument for distinguishing *Jim Arnold*. Indeed, this Court recognized that *Jim Arnold*'s holding "applies *a fortiori*" to the situation here:

> Surely the *Jim Arnold* holding is not distinguishable, but applies *a fortiori*, where (a) the defendant asserts a mirror-image claim for a declaratory judgment of non—infringement (b) against a party that admits it has no ownership interest unless it prevails on its state law claims, and (c) pending such a determination, does not even purport to assert any patent-law claim.

Op. 18. Despite ample resources at its disposal, First Data never cited any case holding that federal patent jurisdiction could exist between parties who do not own the patents at issue, which is how counterclaims 3 and 4 were styled—by excluding the patentee, Bisignano.

This Court's summary of its decision makes clear how straightforward the jurisdictional issue truly was: "Because the patent claims are contingent upon Inselberg and Interactive prevailing on their state law claims, they do not currently give rise to federal jurisdiction." Op. 2. Indeed, Inselberg and Interactive had said essentially the same thing to Bisignano and First Data from the first time that they sent a draft complaint, which at the time included a claim for patent infringement against a First Data subsidiary. And they said it again just two days after receiving the complaint in the parallel case, in an email to which Quinn Emanuel responded. And yet Quinn Emanuel could not even articulate its basis for jurisdiction at counsel's request that it do so to avoid unnecessary motion practice. The silence speaks volumes about Quinn Emanuel's subjective belief in the merits of its subsequent removal of this case.

Plaintiffs' complaint made clear on its face that it was not removable because it explicitly said that Plaintiffs had no current patent rights. In situations where non-removability was apparent on the face of a complaint, courts in this district have awarded fees under 1447(c). *See, e.g.*, *Ingemi v. Pelino & Lentz*, 866 F.Supp. 156, 163 (D.N.J. 1994); *Phillips, Inc. v. Global Product Development Services, LLC*, Civ. No. 09-1644, 2009 WL 1973852, at *4 (D.N.J. July 7, 2009). Going a step further, courts in this Circuit have awarded fees under § 1447(c) "where minimal

research would have revealed the impropriety of removal." *Gloucester County Imp. Auth. v. Gallentin Realty Dev., Inc.*, 2008 WL 336784 at *8 (D.N.J. 2008) (quoting *Newton v. Tavani*, 962 F.Supp. 45, 48 (D.N.J. 1997)) (internal citations omitted).

Here, Plaintiffs gave First Data and Quinn Emanuel the research on multiple occasions, starting with the citations to *Jim Arnold* and *Nolen* in the October 9, 2015 draft complaint, and followed by an email on December 2 reiterating the point and explaining that styling the claim as a declaratory judgment does not change anything. Exs. 1, 2. Even more remarkably, however, First Data had already seen the motions to dismiss identical claims for declaratory relief in the parallel case *before* they filed the Notice of Removal. Their decision to assert facially inadequate counterclaims and remove this case even after those briefs shows that the removal of this case was precisely the sort that justifies an award of attorney's fees, because the removing party should have known better (and probably did).

The Notice of Removal conspicuously ignored the *Jim Arnold* precedent, even though that had been made front-and-center in the already-filed motion to dismiss the parallel declaratory judgment complaint. *See Yellen v. Teledne Continental Motors, Inc.*, 832 F.Supp.2d 490, 508 (E.D. Pa. 2011) (criticizing federal question arguments that "ignore" important precedent). Under the circumstances, and particularly given their notice of the specific reasons why removal was improper, it is telling that First Data refused to even attempt an explanation in that Notice of Removal. That silence speaks volumes.

It is also significant that the Notice of Removal, the Counterclaims, and the various briefs submitted consistently mischaracterized Inselberg's and Interactive's position regarding title to the patents. *See id.* at 508–509 (finding it objectively unreasonable where the "notice of removal and subsequent filings mischaracterize plaintiffs' complaint"). An important example is the Notice of Removal's false claim that "Plaintiffs' Complaint seek[s] a remedy provided by and arising under

federal patent law." Notice ¶ 16. Far from it, Plaintiffs merely alleged that one possible measure of damages for their state-law claims was to impute a reasonably royalty to the First Data License.[2] The measure of damages was not even a federal patent law issue, much less one that met all four prongs necessary for a state-law claim to arise under federal patent law. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). *See also* Remand Reply 4–9. This Court correctly rejected First Data's mischaracterization, among others. Op. 13–14.[3]

Finally, Judge McNulty has already recognized that First Data's counterclaims are duplicative of the claims that asserted in the declaratory judgment action it initiated in this Court. See McNulty Op. 9 ("It is apparent that Counts One, Two, and Three substantially duplicate the Counterclaims in the removed action."). Importantly though, the declaratory judgment action was filed first. It was even amended before the counterclaims were asserted here and this case was removed. Thus, the assertion of duplicative claims in this case reveals that it was all about tactical gamesmanship, including forum shopping and delay, rather than any legitimate belief that First Data had federal claims that were validly asserted and subject to federal jurisdiction. Again, while First Data's subjective bad faith need not be shown to secure fees under § 1447(c), it is readily apparent nonetheless.

---

[2] First Data's attempt to spin reference to royalties into a basis for federal jurisdiction was even less reasonable than their arguments for their counterclaims. After all, it would be absurd if federal courts were closed to litigants making explicit but contingent patent infringement claims, but wide open to litigants making purely state-law claims that sought damages that were similar to damages that might be recovered in a patent infringement lawsuit.

[3] *See also, e.g.*, Remand Mot. Reply 2, ECF No. 17 (explaining how Defendants attempted to deceive the Court by falsely claiming "—without citation much less quotation—that Plaintiffs have claimed to currently hold title [to the patents] repeatedly,' and 'unequivocally over and over again'") (quoting Remand Opp'n 24, ECF No. 15).

## II.  THE FEES REQUESTED ARE REASONABLE AND SUPPORTED

As set forth in the accompanying declaration, the fees requested are based on the actual time spent by counsel (as contemporaneously recorded by each attorney) as a result of the removal. In fact, when this case was removed, a separate client matter was created to be sure to distinguish between work on matters in the removed case versus other issues between the parties, including the parallel case that had been filed directly in this court by First Data and Bisignano. Brook Decl. ¶ 25.

The hourly rates used by the attorneys working on the matters are reasonable under the circumstances, in light of their education, experience, training, and geographic locations. Given that the adversaries retained Quinn Emanuel and undoubtedly were paying significantly higher rates for their involvement, they cannot reasonably argue otherwise.

Because the dispute between the parties is ongoing in state court, Inselberg and Interactive request that the Court permit the filing of the fee application without being required to disclose the nature and extent of the fee agreements as set forth in Local Civil Rule 54.2(b). The procedural posture of the parties' dispute is akin to that in the non-exclusive examples set forth in Local Civil Rule 54.2(c) for situations where courts should grant exceptions to the usual rules of complete disclosure.

## <u>CONCLUSION</u>

For the foregoing reasons, this Honorable Court should award Plaintiffs attorneys' fees and costs incurred as a result of the removal.

Respectfully submitted,

Dated: March 9, 2018

/s/ Brian C. Brook
Brian C. Brook (No. 050442013)
Timothy R. Clinton*
CLINTON BROOK & PEED
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
(201) 992-1000
    *Not admitted in New Jersey

*Attorneys for Plaintiffs,*
*Eric Inselberg and Inselberg Interactive, LLC*

11